HEARD NOVEMBER TERM, 1873.

## SOUTHERN PORCELAIN MANUFACTURING CO. *vs.* THEW.

An action does not lie under the Code of Procedure unless a cause of action exists which would have maintained an action at law, or a bill in equity, before its adoption, or where a writ of *scire facias* or *quo warranto*, or information in the nature of a writ of *quo warranto* was then the remedy, or where the action is brought by the Attorney General against a corporation on some one of the grounds enumerated in Chapter II. Section 13, of the second Part of the Code.

An action does not lie by a corporation to set aside a judgment by confession against it on the ground that the confession was not in form valid and binding—that the debt was not a legal debt of the corporation, and that the person who made the confession had no authority to make it; the remedy, it seems, is by application to the Court in which the confession is entered to vacate or modify the judgment.

An allegation in the complaint that the party taking the confession knew that the officer by whom it was made had no authority to bind the corporation by a confession of judgment, is not a sufficient charge of fraud to maintain the action on that ground.

Where a confession does not state a cause of action, an amendment cannot be allowed after trial, unless the evidence shows a sufficient cause of action.

On the argument of an appeal the respondent may show that the judgment below should be sustained on grounds not noticed by the Circuit Judge, or mentioned in an exception.

## BEFORE MAHER, J., AT AIKEN, MAY TERM, 1873.

Action by the Southern Porcelain Manufacturing Company, plaintiff, against George M. Thew, Cashier of the National Bank of Augusta, defendant.

The complaint was as follows:

"The complaint of the Southern Porcelain Manufacturing Company, a body corporate and politic by the laws of the State of South Carolina, plaintiffs, respectfully shows, that the said company was incorporated on the twentieth day of December, one thousand eight hundred and fifty-six, under the name and style aforesaid, with George M. Newton, William W. Davies, Thomas Barrett, James Hope, William H. Farrar, Holman Curtis & Company, Charles J. Jenkins, and such other persons as might thereafter be associated with them, and their successors, as members thereof, with power to have, use and alter, at their pleasure, a common seal, to make all needful rules, by-laws and regulations for their government, and to sell and manufacture porcelain clay in the District, and to purchase, hold and enjoy such real estate as might be necessary and proper for the procurement of porcelain clay, and other earths and minerals used in the manufacture thereof, and for the convenient and certain supply of fire-wood. The plaintiffs

further show that the said company were soon thereafter duly organized, and began and carried on business under said charter, with George M. Newton as President thereof; that after several mutations in the offices of said company, Rufus B. Bullock was elected President thereof on the first day of March, one thousand eight hundred and sixty-four, and on the nineteenth day of May, one thousand eight hundred and sixty-eight, without any authority whatsoever, he, the said Rufus B. Bullock, confessed (or attempted to do so,) a judgment to George M. Thew, Cashier of the National Bank of Augusta, the defendant, in the sum of fifty-six thousand three hundred and eighty three dollars and ninety-eight cents, with interest thereon from the 15th May, 1868, as President and Treasurer of said company, and this without even the formality of the company seal; that said judgment was lodged in the office of the Clerk of said County on the same day, and execution thereon in the Sheriff's office at the same time; that the Sheriff of said County has made a levy under said execution, upon all the real and personal estate of said company, and has advertised the same for sale on the first Monday in March next, to satisfy said judgment. The plaintiffs assert, so far as the company is concerned, that said judgment is null and void; that the charter of said company gives no authority to the President, or any other officer of said company, to confess judgment for said company; that neither the charter nor by-laws authorizes any such officer to go in debt and bind the company therefor, except in cases where he may be so authorized by a vote of the stockholders or directors, and then only to the extent specifically authorized by such vote; that there never was a vote of the stockholders or directors of said company authorizing said confession, nor have they in anywise ratified it; that neither the stockholders nor directors of said company have ever had any knowledge when said debt was contracted, and they assert that it was not incurred on account of the company, nor was the money used for its purpose; that said company had a common seal to authenticate all solemn instruments and acts executed and performed by it, which said seal is now in the possession of the said Rufus B. Bullock, or has been lost; that the said company, in September, 1866, by vote of the stockholders, assessed a contribution of fifty thousand dollars, to be paid by the stockholders, or by such of them as were willing so to do, for the purpose of paying all indebtedness of said company, and putting their works in efficient order; and

that on the twentieth day of October, 1866, the said Rufus B. Bullock, then being President and Treasurer of said company, announced as such that he had received, and then had, for the purpose before stated, forty-eight thousand dollars, in the notes of the various stockholders, available for that purpose; that from and after the 29th day of October, 1866, no meeting of the stockholders or directors was ever called by the said Rufus B. Bullock as President, nor does it appear by the company books or minutes that any such meeting was ever held, at which alone he could have received authority to contract said debt or confess said judgment. In consideration of the premises, the plaintiffs pray your Honors may adjudge the said confession null and void, and order the same to be vacated and set aside, or, at least, they ask that the said George M. Thew, Cashier of the National Bank of Augusta, and all persons claiming any interest in said judgment, together with the Sheriff of Edgefield, be peremptorily enjoined from selling the property of said company, or in anywise interfering with the same; and that your Honors do grant a temporary injunction against all parties seeking to enforce said execution, to remain of force till a hearing of the cause. And the plaintiffs pray for such further and other relief as the circumstances of the case require, and as are conformable to justice and equity."

The answer admitted that the plaintiff was a corporation duly organized as such, as stated in the complaint, and that Rufus B. Bullock, as President and Treasurer of the plaintiff, gave the confession of judgment mentioned therein. All other allegations and charges were denied.

The case was heard upon the pleadings and proofs, and His Honor made a decree upon the merits, dismissing the complaint.

The plaintiff appealed upon numerous grounds, none of which it is deemed necessary to state.

*Addison & Addison, Carroll,* for appellant.

*Aldrich, Bonham,* contra.

Dec. 22, 1873. The opinion of the Court was delivered by

WILLARD, A. J. A difficulty exists in the case of the plaintiffs below, the appellants here, that would under any circumstances preclude their obtaining the relief demanded by their complaint, and

which is not removed by the nature of the issue presented to the Circuit Court, the decision of that Court, or the character of the exception raised to the Circuit decree. No sufficient cause of action appears by this complaint, nor is there ground laid in the process or proceedings either to enlarge the sphere of the complaint or to serve as the basis of an amendment of the complaint that would obviate such objection.

An action under the Code of Procedure only lies where the subject-matter of such action furnished ground previous to the adoption of the Code for the maintainance of either an action at law or a bill in equity, or where the object of the action is to attain that which, previous to the Code, was attainable by means of the writ of *scire facias*, of *quo warranto*, or by information in the nature of *quo warranto*, or where the action is brought by the Attorney General against a corporation on some or one of the grounds enumerated in Chap. II, Title XIII, of the second part of the Code (§§ 443, 444, 445, *et. seq.*) Sec. 92 assumes to change merely the forms of action, but not to affect their substantial characteristics. That Section is as follows: "The distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished, and there shall be in this State, hereafter, but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action." What rights shall be enforced and what wrongs shall be redressed by a civil action is not determined by the Code, except in the case of proceedings formerly taken by *scire facias*, *quo warranto*, and information in the nature of *quo warranto*, and when instituted on certain grounds by the Attorney General against a corporation.

These matters are therefore to be determined according to the law as it stood previous to the adoption of the Code.

In order, then, to ascertain whether a complaint under the Code sets forth a sufficient cause of action, except in the special instances above enumerated, the inquiry must be whether, under the former practice of this State, the matters set forth were sufficient either to support an action at law or a bill in equity, or would, in part, support an action, and, in part, a bill, then the cause of action is sufficient. On the other hand, if such matters would have been held insufficient, either as the foundation of an action or of a bill in equity, then the cause of action is not sufficient.

We will look, in the first place, into the pleadings, to see whether any sufficient cause of action is there presented; and, in the second place, into the proofs and proceedings, in order to see whether anything has occurred subsequently to issue joined tending to cure the defect appearing in the pleadings.

The complaint seeks to set aside a judgment entered by confession, in behalf of the defendant below, and against the plaintiffs, on the three-fold ground: that the confession was not in form valid and binding; that the demand allowed by the confession was not a legal debt of the plaintiffs; and that such confession was made by a person not having the authority, either of law or derived from the plaintiffs, to make such confession.

It is clear that such averments, standing by themselves, would neither support an action at law nor a bill in equity.

A judgment entered by confession has the characteristics of an ordinary judgment *in invitum*. It is equally conclusive in its operation on the rights of the parties involved and by way of estoppel. It is true that, under the equitable powers of a Court of law, whose judgment it is, or through the intervention of general equitable powers, it may be looked into, in certain cases, in furtherance of the agreement and intentions of the parties to it or the equities affected by it; but, independently of the exercise of this mode of affecting its binding force, it stands with all the force and conclusiveness due to a judgment *in invitum*.

Hence it follows, that no action at law can be brought to do away with its force, for the mere fact of its existence destroys the basis of right on which such subsequent action would have to rest. If the confession is insufficient in form, or by any reason void, advantage must be taken of such fact by a motion in the Court in which the judgment was rendered, having for its direct object the vacation or modification of the judgment, and by appeal from the decision of the Court on such motion. If no such direct proceeding is taken, the validity of the judgment cannot be collaterally called in question in any subsequent action at law. These principles are so familiar to the practitioner that they need not be enforced by citations of authority or precedent.

It follows, then, that unless the complaint in the present case furnishes ground sufficient to support a bill in equity, the complaint must be adjudged insufficient.

The complaint does not allege matters either directly imputing a

fraud implicating the defendant, or of which he was cognizant, nor from which the Court would be justified in inferring the existence of fraud as affecting the defendant. The averment that the defendant knew that the judgment was confessed without adequate authority on the part of the President of the company to make the confession, is not sufficient to give rise to an inference of fraud on his part. This is the only averment that approximates a charge of fraud as affecting the conduct of defendant. Nor does it appear that any equity exists, arising out of accident, mistake, or any of the grounds of equitable jurisdiction, warranting an interference with the proceedings and process of a Court of law. Unless, therefore, something has occurred since issue joined having the effect to cure the inherent defect of the complaint, it is evident that it would not have supported any judgment that might have been rendered by the Circuit Court in the plaintiffs' favor.

The provisions of the Code, as to amendments, are of the most liberal character, and if evidence had appeared upon the trial, introduced by the plaintiffs without objection on the part of the defendant, tending to show that ground existed, such as would have constituted a sufficient cause of action if stated in the complaint, it might well be that the Court would disregard the want of due averment in the complaint, in view of the fact that the defendant had not taken advantage of such defect by demurrer. But the evidence in the case does not tend to charge the defendants with fraud, nor to support any distinct ground of equitable relief. On the contrary, the whole tendency of the plaintiffs' testimony is directed towards the points made by the complaint.

It follows that the defect of the complaint remains uncured by the proofs and proceedings subsequent to issue joined, and the defects of the complaint preclude any relief as to the matters alleged, and therefore there is no sufficient ground to set aside the judgment dismissing the complaint.

The fact that the objection above stated does not appear in the grounds of appeal does not preclude the objection from being taken at the present time. The judgment dismissing the complaint was placed by the Circuit Judge on a quite different ground from that stated above.

The plaintiffs being the appellants, the grounds of appeal are confined to matters embraced in the view of the case taken by the Circuit Judge. The defendant is not an appellant, and is not lim-

ited by the grounds of exception raised by the appeal, but is at liberty to allege that a good ground for the dismissal of the complaint existed independently of that considered and passed upon by the Circuit Court.

The appeal must be dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.